IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PATRICK GIVENS,                                )
                                               )
                  Plaintiff,                   )
                                               )
v.                                             )            No. 3:06-CV-130
                                               )
KENWORTH OF TENNESSEE, INC.,                   )
                                               )
                  Defendant.                   )

## MEMORANDUM OPINION

On March 1, 2006, plaintiff filed this civil action against his former employer in the Chancery Court for Grainger County, Tennessee. Plaintiff alleges a violation of the Tennessee Consumer Protection Act pertaining to a purported severance underpayment. On April 7, 2006, defendant removed the case to this court, contending: that its "Kenworth of Tennessee, Inc. Severance Plan" ("KTSP") is governed by the Employee Retirement Income Security Act ("ERISA"); that subject matter jurisdiction therefore rests with this court; and that plaintiff's state law claim is preempted by ERISA.

On May 10, 2006, the court entered an order which stated in material part:

Having reviewed defendant's plan, the court questions whether it in fact has jurisdiction over this case in light of existing Supreme Court and Sixth Circuit precedent. *See, e.g., Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 12 (1987); *Sherrod v. Gen. Motors Corp.*, 33 F.3d 636, 638-39 (6th Cir. 1994). It is therefore **ORDERED** that defendant shall, no later than June 5, 2006, brief the issue of the court's jurisdiction. Plaintiff shall file his response brief no later than June 30, 2006.

[Doc. 5].  Only defendant has submitted a brief [doc. 6] as directed.

For the reasons that follow, the court concludes that the KTSP is not an ERISA benefit plan.  As such, federal subject matter jurisdiction does not exist, and this matter will be remanded to the Grainger County Chancery Court.

## I. *Background*

### A. Facts

By letter dated December 5, 2005, defendant wrote plaintiff to "explain the benefits available to you resulting from the end of your employment, which is effective today."  According to the affidavit of defendant's Chief Financial Officer, Randy Hooten, plaintiff "was terminated when a portion of Kenworth's business was sold."  According to plaintiff's complaint, defendant "sold their business to Murphy-Hoffman Company[.]"

The December 5 letter explained that plaintiff was "entitled to benefits under the Kenworth of Tennessee Severance Plan."  The manner of calculating severance was noted, as was the requirement that payment "is contingent upon the execution of a release agreement[.]" According to the complaint, the amount of defendant's severance offer was more than $4,000.00 less than what plaintiff felt he was due.  Plaintiff then contacted a representative of defendant and was told "that was all the Defendant intended to pay him."  Plaintiff accordingly did not execute the release agreement, and the instant suit followed.

## B. The KTSP

The KTSP provides that it "is intended to comply with," and thus is governed by, ERISA. The KTSP purports to have been "established effective October 1, 2005." However, it was not actually executed until December 2, 2005 - the business day immediately preceding the December 5 letter to plaintiff.

Benefits under the KTSP "will be paid only if the Administrator decides in its discretion that the applicant is entitled to them." An employee is disqualified from receiving KTSP benefits in the general cases of failure to return company property, failure to repay debts owed to the employer, or termination of employment for cause. More specifically, the KTSP disqualifies all employees who were offered "substantially equivalent" employment with Murphy-Hoffman, as well as any employee who accepted employment with Murphy-Hoffman and then worked for that company for at least thirty days before being terminated.

The KTSP further provides that it is subject to cancellation by defendant "at any time in its sole discretion." The KTSP "constitutes the entire written Plan[.]" Only "a single lump sum" severance payment is offered. No other benefits (such as continued life or health insurance, employment assistance, or periodic future payments) are provided.[1]

---

[1] Defendant's December 5 letter states that some benefits might continue through the end of that month. That provision, however, does not arise from the KTSP.

3

## II. _Analysis_

This court may question its subject matter jurisdiction _sua sponte_ at any time. Fed. R. Civ. P. 12(h)(3). The only grounds for subject matter jurisdiction suggested in the present case is federal question jurisdiction under ERISA.

A severance program _may_ be governed by ERISA, depending upon the level of administrative complexity involved. _See Fort Halifax Packing Co, Inc. v. Coyne_, 482 U.S. 1, 11-12 (1987). In sum, ERISA governs benefit "_plans_" but not mere "_benefits_." _Id._ (emphasis in original).

"To do little more than write a check hardly constitutes the operation of a benefit plan. Once this single event is over, the employer has no further responsibility." _Id._ at 12 (footnote omitted). The Sixth Circuit

> has used two particular factors to determine if a severance agreement plan meets the _Fort Halifax_ criteria to determine if ERISA governs: 1) whether the employer has discretion over the distribution of benefits, and 2) whether there are on-going demands on an employer's assets.

_Kolkowski v. Goodrich Corp._, 448 F.3d 843, 848 (6th Cir. 2006).

The KTSP satisfies the first of these factors. In _Kolkowski_, as in the present case, the severance administrator exercised discretion to: (1) determine if employment with the acquiring company was "at least comparable"; and (2) compute seniority status in order to calculate the amount of severance due. _Id._ at 848-49. The _Kolkowski_ panel concluded that such discretion is sufficient to satisfy the first ERISA severance factor.

4

The KTSP does not, however, satisfy the second prong pertaining to ongoing administration. The KTSP provides for no continuing life or health insurance, job placement assistance, or periodic severance payments. *See id.* at 849. It instead offers only one lump sum distribution, which is no "more than writ[ing] a check . . . . Once this single event is over, the employer has no further responsibility." *Fort Halifax*, 482 U.S. at 12. Nor can the KTSP be read as "cover[ing] every involuntary termination" over a period of time. *See Kolkowski*, 448 F.3d at 849. Instead, the program's date of execution and its multiple, specific references to the Murphy-Hoffman acquisition strongly suggest that the KTSP was executed to address the "single event" of the Murphy-Hoffman sale.

The court therefore concludes that the KTSP is far more akin to a "benefit" than a "benefit plan." ERISA thus does not provide subject matter jurisdiction, and this case must accordingly be remanded to state court. An order consistent with this opinion will be entered.

ENTER:


        s/ Leon Jordan
United States District Judge

5